790 P.2d 741

**In the Matter of a Member of the State Bar of Arizona, Edwin P. YOUNG, II, Respondent.**

**No. SB–90–0026–D.**

Supreme Court of Arizona.

April 26, 1990.

## ORDER

The Consent to Disbarment and Stipulation regarding respondent's consent to disbarment having been filed on April 19, 1990 and reviewed by this Court,

IT IS ORDERED that the disbarment of EDWIN P. YOUNG, II from the practice of law in the State of Arizona be and hereby is entered this 26th day of April, 1990.

---

Pursuant to Rule 63(c), Rules of the Supreme Court of Arizona, this Order entering disbarment shall be effective the 25th day of June, 1990.

IT IS FURTHER ORDERED that pursuant to Rule 63(a), Rules of the Supreme Court of Arizona, EDWIN P. YOUNG, II shall notify all of his clients, within ten (10) days from the date hereof, of his inability to continue to represent them and that they should promptly retain new counsel, and shall promptly inform this Court of his compliance with this Order's requirements, as well as the other duties imposed by Rule 63, Rules of the Supreme Court of Arizona.

IT IS FURTHER ORDERED that EDWIN P. YOUNG, II shall, within ten (10) days from the date hereof, file with this Court a list setting forth:

(1) the name of every client for whom he is presently performing any legal service, regardless of whether the matter is in litigation;

(2) the address and telephone number of every client;

(3) all cases in which he is counsel, together with the caption and number of the case, the court in which the matter is pending, the names, addresses and telephone numbers of co-counsel and opposing counsel, and the names, addresses and telephone numbers of those persons who are representing themselves;

(4) the current status of each pending case;

(5) efforts made within the preceding thirty (30) days to resolve each case or to secure replacement counsel. In the event that any file or property is returned to a client, the name of the client, a description of the property or file and the date of its receipt by the client shall be provided;

(6) the amount of attorney's fees and costs paid to date on each case and a statement of any costs or fees due from each client or any unused retainer or costs advanced still held for each client; and

(7) all property held by EDWIN P. YOUNG, II for any client or third party, in addition to any sums held for clients in a trust account(s).

EDWIN P. YOUNG, II shall deliver a copy of the aforementioned list to James H. Keppel, 111 West Monroe, Phoenix, Arizona 85003.

IT IS FURTHER ORDERED that each of the items set forth above shall be updated by EDWIN P. YOUNG, II every fourteen (14) days. The updated list shall be filed with this Court and a copy delivered to James H. Keppel no later than the close of business of the fourteenth (14th) day.

IT IS FURTHER ORDERED that James H. Keppel shall monitor the winding up of affairs by EDWIN P. YOUNG, II and compliance with Rule 63, Rules of the Supreme Court of Arizona. Mr. Keppel shall, at a minimum, conduct a weekly review of the law practice of EDWIN P. YOUNG, II.

IT IS FURTHER ORDERED that Mr. Keppel shall have unrestricted access to all books, files, records, accounts, or any other items or documents of EDWIN P. YOUNG, II necessary to insure continuing compliance with Rule 63, Rules of the Supreme Court of Arizona, and the terms of this order.

IT IS FURTHER ORDERED that, within ten (10) days from the date hereof, EDWIN P. YOUNG, II shall provide to James Keppel all bank statements for his general operating bank account(s), payroll account(s), trust account(s), and any other accounts utilized by EDWIN P. YOUNG, II in the operation of his law practice. Copies of all new bank statements shall be provided to Mr. Keppel as they are received by EDWIN P. YOUNG, II.

IT IS FURTHER ORDERED that subsequent to the ten (10) day period provided for in Rule 63(a), Mr. Keppel may contact any person within the scope of Rule 63(a) to determine EDWIN P. YOUNG, II's compliance with the Rule.

IT IS FURTHER ORDERED that James H. Keppel shall immediately notify this Court of any evidence of non-compliance by EDWIN P. YOUNG, II with this Order or the requirements of Rule 63, Rules of the Supreme Court of Arizona.

 

IT IS FURTHER ORDERED that pursuant to Rule 53(e)(3), Rules of the Supreme Court of Arizona, EDWIN P. YOUNG, II be and hereby is assessed the costs incurred by the State Bar of Arizona, in an amount to be set by subsequent order based on information to be furnished to this Court by the State Bar of Arizona within thirty (30) days of the date hereof. The costs are to be paid to the State Bar of Arizona prior to reinstatement as a member in good standing of the State Bar of Arizona.

Should EDWIN P. YOUNG, II fail to comply with any of the terms of this Order or the provisions of Rule 63, Rules of the Supreme Court of Arizona, the Court will, *sua sponte*, enter an order of immediate disbarment.